UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOANNA PRUITT LESTER                    CIVIL ACTION NO. 15-cv-2439

VERSUS                                  CHIEF JUDGE HICKS

WELLS FARGO BANK NA, ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Joanna Pruitt Lester ("Plaintiff"), proceeding pro se, sued Wells Fargo and others alleging claims under the Telephone Consumer Protection Act ("TCPA") arising from her 2007 mortgage with the bank. The TCPA makes it unlawful to make calls using any artificial prerecorded voice to any telephone number assigned to a cellular telephone without prior consent. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleged that Wells Fargo called her cell phone up to ten times per day between January 1, 2011 and December 31, 2015 using automated voice recordings.

Chief Judge Hicks granted summary judgment to Wells Fargo and dismissed all claims. Plaintiff appealed only two aspects of the decision to the Fifth Circuit: (1) Chief Judge Hicks' ruling that Plaintiff settled any TCPA claim she had stemming from calls Wells Fargo made between November 17, 2011 and September 28, 2015 by failing to opt out of the class settlement agreement in Markos v. Wells Fargo Bank, 2016 WL 4708028 (M.D. Ga. 2016); and (2) the denial of Plaintiff's cross-motion for summary judgment as untimely.

On appeal, Plaintiff conceded she was a member of the Markos class, but Plaintiff alleged she followed the opt-out procedures by mailing a completed opt-out form to the claims administrator. The Fifth Circuit reversed the court's grant of summary judgment, finding that the affidavits and information submitted by Plaintiff were sufficient to create a genuine issue of material fact as to whether Plaintiff successfully opted out of the class action. Lester v. Wells Fargo Bank, 805 Fed. Appx. 288 (5th Cir. 2020). The court affirmed the portion of the ruling denying Plaintiff's cross-motion for summary judgment as untimely.

Now before the court is Plaintiff's **Motion to Compel Discovery and Rule to Show Cause why Judgment Should not be Void. Doc. 87.** The motion principally concerns one of Wells Fargo's responses to Plaintiff's Request for Production No. 6. RFP 6 requested:

> Produce documentation listing the numbers from which the calls from Wells Fargo call center to Plaintiff's phone number (318) 773-6754 from January 2011 through December 2015, including the times and dates of the different numbers that called from Wells Fargo's call center.

In response to RFP 6, Wells Fargo objected, in part, as follows:

> Wells Fargo objects to this request as irrelevant to the claims and defenses in this matter to the extent it seeks information regarding calls from January 1, 2011 to December 31, 2012 because Plaintiff has testified that she did not request that the calls stop until sometime in 2013. Wells Fargo also objects to this request as irrelevant to the extent it seeks information regarding calls from January 1, 2011 to September 27, 2011 because any TCPA claim arising from these calls is time-barred.

Doc. 87-4, p. 30.

Plaintiff argues that Wells Fargo misled Chief Judge Hicks into granting summary judgment by misrepresenting Plaintiff's deposition testimony about when she asked for the calls to stop. In one part of the deposition, Plaintiff testified: "And I want to say I called them maybe in '13 and asked them to stop and they - - it continued." Doc. 60-4, p. 2. A little later in her deposition, Plaintiff was firm that her request was made in 2013:

> Q. Okay so when you would speak with someone, you said you didn't tell them to stop calling you just said you didn't - - that you felt that it didn't have to be so frequent; is that correct?
>
> A. I said from the - - I said from the beginning. I - - later when they kept doing it I just said, okay, don't call me. I don't want any calls. That's what I said.
>
> Q. Okay. And do you recall when that was?
>
> A. I said 2013.

Doc. 60-4, p. 4.

**Analysis**

**A.     Forfeiture and Rule 60(b)**

Chief Judge Hicks' ruling on Wells Fargo's motion for summary judgment had two components: (1) there was no genuine issue of material fact regarding whether Plaintiff opted out of the Markos class action settlement; and (2) Plaintiff has no valid claim under the TCPA because there was nothing in the record evidencing Plaintiff's revocation of her consent in 2011. The first determination was appealed by Plaintiff and reversed by the

Case 5:15-cv-02439-SMH-MLH Document 102 Filed 12/30/20 Page 4 of 6 PageID #: 2211

Fifth Circuit. The second determination was not appealed and was not addressed by the Fifth Circuit.[1]

In Medical Center Pharmacy v. Holder, 634 Fed. 3d 830, 834 (5th Cir. 2011), the Fifth Circuit held that a district court committed error when it revisited on remand an issue from its original summary judgment that was not appealed by the defendant because the defendant had forfeited the issue. Plaintiff had the opportunity to appeal this court's ruling regarding her failure to revoke consent until 2013, but she did not. Based on Holder, this court may not revisit its determination that Plaintiff did not revoke her consent prior to 2013.

Plaintiff argues, however, that the summary judgment order was obtained by fraud because Defendant misled the court about Plaintiff's deposition testimony regarding whether the revocation of consent happened in 2013. Plaintiff emphasizes that, in response to the first set of questions regarding the date of the revocation of consent, Plaintiff stated "maybe in '13." But later in the deposition, Plaintiff stated "2013" without any qualification. In any event, Chief Judge Hicks' ruling granting summary judgment cited both statements in finding that Plaintiff did not ask Wells Fargo to stop calling her until sometime in 2013. Lester v. Wells Fargo Bank, 2018 WL 1220577, *4 (W.D. La. 2018). Therefore, no fraud was committed by Wells Fargo in obtaining summary judgment on that issue.

---

[1] The Fifth Circuit recognized that Plaintiff did not challenge this court's conclusion that Plaintiff consented to Wells Fargo's phone calls from January 1, 2011 to November 16, 2011. Lester, supra.

Page 4 of 6

Even if Plaintiff had shown fraud in the obtaining of the summary judgment, which Plaintiff has not shown, Plaintiff's request under Rule 60(b) is untimely, as it was made more than a year after entry of the summary judgment. Fed. R. Civ. P. 60(c)(1); <u>Riley v. Wells Fargo Bank, N.A.</u>, 815 Fed. Appx. 808, 809 (5th Cir. 2020).

Plaintiff has also failed to show fraud with regard to the exhibits to her deposition. While counsel for Wells Fargo participated remotely in the deposition, Plaintiff was present with the court reporter. At the conclusion of the deposition, Plaintiff could have ordered a copy of the transcript of the deposition, with exhibits, at her own cost. Her failure to do so does not give rise to a claim of fraud on the part of Wells Fargo.

**B.  The Continuing Violation Doctrine**

In one of Plaintiff's reply briefs, she alleged for the first time that her claims pertaining to the time frame January 1, 2011 to September 27, 2011 are not time barred under the continuing violation doctrine. However, the undersigned finds that the application of the continuing violation doctrine to TCPA claims is not appropriate, at least not in this instance. The continuing violation doctrine fits well in employment discrimination cases, especially hostile work environment claims, where a series of events mount over time to create the violation of law. Under the TCPA, however, each phone call in violation of the statute carries its own violation and statutory damages of $500 per call. 47 U.S.C. § 227(b)(3)(B). Accordingly, the undersigned finds that Plaintiff's claims for calls placed more than four years prior to the filing of the petition (January 1, 2011 to September 27, 2011) are time barred. Therefore, the requested discovery is irrelevant.

**Conclusion**

None of Plaintiff's arguments in support of her motion are persuasive. Based on the foregoing, it is recommended that (1) Plaintiff's Motion to Compel Discovery (Doc. 87) be denied because the information sought by Plaintiff in RFP 6 is irrelevant; and (2) Plaintiff's request to void the summary judgment due to fraud be denied because no fraud was committed and, alternatively, the request for relief under Rule 60(b) is untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of December, 2020.

Mark L. Hornsby
U.S. Magistrate Judge