UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOANNA PRUITT LESTER					CIVIL ACTION NO. 15-2439

VERSUS							JUDGE S. MAURICE HICKS, JR.

WELLS FARGO BANK, NA				MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion in Limine challenging the testimony and exhibits of Defense Expert Aaron Woolfson ("Woolfson") filed by Plaintiff Joanna Pruitt Lester ("Lester"). See Record Document 111. Defendant Wells Fargo Bank, NA ("Wells Fargo") opposes the Motion. See Record Document 112. For the reasons set forth below, the Motion is hereby **DENIED.**

**I.    EXPERT REPORT OF AARON WOOLFSON**

Woolfson's expert report analyzes the capabilities and use of specific automated telephone dialing equipment and software supplied by Aspect Software ("Aspect") to Wells Fargo and used to contact customers. See Record Document 111-2. Woolfson's report details how the Aspect equipment functions and how Wells Fargo uses it to call customers. See id. Woolfson concludes that significant human intervention is present in implementing this call system, and the Aspect equipment is not capable of randomly generating and subsequently calling phone numbers. See id. Woolfson's report also highlights his courtroom career as an expert witness on various telecommunications issues, including his curriculum vitae ("CV") and Westlaw printouts of court opinions as exhibits. See id; Record Document 111-3.

## II. DAUBERT STANDARD

Federal Rule of Evidence 702 states that "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Rule 702's standard arises from the seminal case of Daubert v. Merrell Dow Pharmaceuticals, Inc., where the Supreme Court established the role of trial courts as gatekeepers for expert testimony, permitting such testimony only if it is both reliable and relevant. See 509 U.S. 579, 589, 113 S. Ct. 2786, 2795 (1993).

In determining the reliability of proposed testimony, the Court stated a non-exhaustive list of factors to consider, including: (1) whether the technique or theory has been tested, (2) whether the technique or theory has been subject to peer review and publication, (3) the known or potential rate of error when applied, (4) the existence and maintenance of standards and controls, and (5) general acceptance of the technique or theory in the scientific community. See id. at 593-94. As for relevancy, the Court stressed the question is one of "fit," asking whether the expert testimony in question is well-suited to the issues of a particular case such that it will help the jury in deciding issues or in understanding evidence that is outside the average juror's ability to understand absent such help. Id. at 591-92.

Although the trial court must fulfill its gatekeeping function by ensuring the reliability and relevancy of all expert testimony, the court is "not intended to serve as a replacement

for the adversary system." U.S. v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Importantly, the burden of satisfying Rule 702 falls upon the proponent of an expert's testimony to prove it is admissible by a preponderance of the evidence. See Moore v. Ashland Chem., Inc., 151 F.3d 269, 276 (5th Cir. 1998).

### III. APPLICATION

Lester argues Woolfson's proposed testimony and accompanying exhibits should be excluded from trial because his expert report is irrelevant and unreliable. See Record Document 111-1 at 1. Specifically, Lester believes Woolfson's report (1) lacks a proper factual basis because he did not visit and inspect the exact site and system from which the calls originated, and (2) impermissibly makes legal conclusions. See id. at 6-15. Lester also takes issue with Woolfson's CV, noting the specific call system at issue is not listed under his qualifications and expertise. See id. at 9. Lester primarily relies upon Keyes v. Ocwen Loan Servicing, LLC in support of her arguments, where the Eastern District of Michigan struck the plaintiff's telecommunications expert for not personally inspecting the dialing software at issue and reaching legal conclusions in his expert report. See id; 335 F. Supp.3d 951 (E.D. Mich. Aug. 16, 2018). Keyes dealt with the same overarching issue present in the instant matter—whether the Aspect system qualifies as

an automatic telephone dialing system under the Telephone Consumer Protection Act ("TCPA").[1]

### A. Similar Site and System

Lester contends that Woolfson's opinion is not rooted in a proper factual basis because his conclusions arise from a 2018 visit to a call center in Beaverton, Oregon, where he observed and inspected an Aspect Unified IP 6.6 system. See Record Document 111-1 at 4-5. Lester believes Woolfson should have visited the Minnesota facility and inspected an Aspect Unified IP 6.6 SP2 dialer from which the calls she received originated. See Record Document 111-1 at 5. Lester equates Woolfson's actions to the rejected expert in Keyes who "merely reviewed manuals and ran tests on his computer, and he has not inspected the actual Aspect System which [defendant] uses to make calls." 335 F.Supp.3d at 957.

Woolfson's sworn explanations for his choice of facility and system satisfy the Court that his opinion is based on appropriate factual observations. According to Woolfson, the "SP2" addition to the system that called Lester is a security enhancement that does not affect the call flow of the equipment.[2] See Record Document 112-1 at 2. Thus, there is no fundamental difference between the Aspect Unified IP 6.6 system he observed and the Aspect Unified IP 6.6 SP2 system that called Lester. See id. at 3. He similarly states that because the Aspect system is a "closed-source code" system, changes or modifications to the software are not available. See id. at 4. Thus, all Aspect

---

[1] Coincidentally, Woolfson testified for the defense in this case. See Record Document 111-2.
[2] Woolfson helpfully equates the addition of an SP2 security enhancement to the installation of an update on one's home computer. See id. at 3.

systems used by Wells Fargo—regardless of their location—are "uniformly configured." Id. With this information in hand, the Court does not doubt the integrity of Woolfson's inspections and their applicability to the precise systems at issue in the instant matter. Lester is free to cross-examine Woolfson on these issues, but the Daubert challenge on this basis must be rejected.

### B. Legal Conclusions

Federal Rule of Evidence 704 permits an expert witness to give his opinions on an ultimate issue of fact, but he is not authorized to render legal opinions or reach legal conclusions. See United States v. $9,041,595.68, 163 F.3d 238, 255 (5th Cir. 1998). An opinion, however, is not objectionable merely because it embraces an ultimate issue. See Fed. R. Evid. 704.

Lester argues Woolfson is improperly attempting to enter the "Law House" by citing his past cases as an expert and including language from court opinions signifying their outcomes. Record Document 111-1 at 11-12. Particularly concerning to Lester are those cases where courts ruled the TCPA did not apply to certain automated dialing systems. See id. Wells Fargo argues Woolfson's report only reaches factual conclusions regarding the Aspect system and assures the Court Woolfson will not dip his toes into these prohibited waters. See Record Document 112 at 5.

The Court agrees that Woolfson's report offers only factual conclusions about the capabilities of the Aspect system to randomly generate and call numbers. No legal conclusions about the applicability of the TCPA to this particular system are present. Past judicial opinions on this issue included in Woolfson's report do not constitute

impermissible legal conclusions in the instant matter and serve only to elaborate on Woolfson's experience in this field.[3] As such, this challenge must also be rejected.

### C. Qualifications

Finally, Lester charges the absence of the words "Aspect," "Unified," "IP," or any combination thereof in Woolfson's CV or the qualifications section of his report prohibit him from being labeled an expert on the system at issue. See Record Document 111-1 at 9. An examination of Woolfson's personal documents and past experiences demonstrate he is an expert in the telecommunications field. While these exact words may not be present, Woolfson has in fact testified in court on the Aspect system before in the Keyes case upon which Lester's Motion relies. Woolfson is qualified to give his expert opinion on the system at issue in this matter.

### IV. CONCLUSION

Lester's Motion in Limine pertaining to the expert report of Woolfson and its accompanying exhibits is hereby **DENIED**. An order consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 7th day of April, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Given Woolfson's experience as an expert witness in numerous trials and his acknowledgement of his role with respect to the jury and legal conclusions, the Court believes he understands the line of demarcation he cannot cross from fact into law. Nevertheless, Lester can rest assured that the Court will take appropriate action to safeguard the jury from impermissible statements should they arise at trial.